UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAWRENCE EDMISTON,<br><br>               Plaintiff,<br><br>v.<br><br>KYLE WAGNER,<br><br>               Defendant. | Case No. 1:25-cv-00051-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Lawrence Edmiston's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.    Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Complaint found at Docket No. 3, not the other documents attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b) and (c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

2.  **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the Idaho Maximum Security Institution. Plaintiff requested "gender re-assignment surgery" from the entity providing medical treatment to Idaho inmates under contract with the IDOC. *Compl.*, Dkt. 3, at 2. Defendant Health Services Administrator Kyle Wagner, denied the request, citing an Idaho state law.[1] *Id*. It is unclear whether Wagner is an employee of the prison or the private entity providing treatment.

Though the Complaint does not identify a condition with which Plaintiff has been diagnosed, such as gender dysphoria, it does allege that Plaintiff has attempted to cut off Plaintiff's penis. *Compl.* at 2. Plaintiff asserts that Wagner's denial of Plaintiff's request for surgery constitutes inadequate medical treatment in violation of the Eighth Amendment.

3.  **Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

    A.    *Section 1983 Claims*

        i.    <u>Standards of Law</u>

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a

---

[1] Section 18-8901(2) of the Idaho Code prohibits the use of public funds for medical interventions that "alter[] the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex."

plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The Eighth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, protects prisoners against cruel and unusual punishment and guarantees prisoners the right to minimally adequate conditions of confinement. To state a claim under the Eighth Amendment, a prisoner must plausibly allege that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

The Eighth Amendment includes the right to adequate medical and mental health treatment in prison. Prison officials or prison medical providers can be held liable under § 1983 if their "acts or omissions [were] sufficiently harmful to evidence deliberate

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

An allegation that a prisoner suffers from gender dysphoria is generally sufficient to plausibly allege a serious medical need. *See, e.g., Mitchell v. Kallas*, 895 F.3d 492, 499 (7th Cir. 2018) ("[L]eaving serious medical conditions, including gender dysphoria, untreated can amount to unconstitutional deliberate indifference."); *Denegal v. Farrell*, No. 1:15-cv-01251-DAD-MJS, 2016 WL 3648956, at *5 (E.D. Cal. July 7, 2016) ("Plaintiff's allegation that she suffers from untreated symptoms of gender dysphoria is sufficient to allege a serious medical condition."). The lack of a medical opinion diagnosing a condition or recommending treatment is not fatal to a plaintiff's claim if "the state has failed to provide [the plaintiff] access to a physician competent to evaluate her." *Rosati v. Igbinoso*,

791 F.3d 1037, 1040 (9th Cir. 2015).

As to the subjective standard for prisoners' medical treatment claims, "deliberate indifference entails something more than mere negligence, … [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official or prison medical provider acts with deliberate indifference "only if the [prison official or provider] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Under this standard, the prison official [or prison medical provider] must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted). Medical malpractice or negligence does not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

"If a [prison official or medical provider] should have been aware of the risk, but was not, then the [official or provider] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188. Moreover, even prison officials or medical

providers who *did* know of a substantial risk to an inmate's health will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. If medical personnel have been "consistently responsive to [the inmate's] medical needs," and the plaintiff has not shown that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there has been no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

Deliberate indifference focuses on a defendant's intent. Therefore, a defendant who does not have full control over the circumstances of which the plaintiff complains cannot be said to act with deliberate indifference if that defendant "accomplish[ed] what could be accomplished within the limits of his authority." *Williams v. Bennett*, 689 F.2d 1370, 1387–88 (11th Cir. 1982). Personal liability under § 1983 "cannot be based on prison conditions beyond the control of a defendant." *Pinto v. Nettleship*, 737 F.2d 130, 133 (1st Cir. 1984).

"There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks omitted). Accordingly, mere differences in judgment as to appropriate medical diagnosis and treatment between an inmate and prison medical providers—or, for that matter, between medical providers—are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

"[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to

the prisoner's health." *Toguchi*, 391 F.3d at 1058 (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Stated another way, a plaintiff must prove that medical providers chose one treatment over the plaintiff's preferred treatment "even though they knew [the plaintiff's preferred treatment] to be medically necessary based on [the plaintiff's] records and prevailing medical standards." *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D. Cal. 2015). To violate the Eighth Amendment, the choice of treatment must have been "so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998); *see also Lamb v. Norwood*, 899 F.3d 1159, 1162 (10th Cir. 2018) ("[P]rison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants.").

The Eighth Amendment requires that prison medical providers exercise informed medical judgment. Thus, if a medical treatment is denied because of a blanket governmental policy—rather than an individualized determination of the appropriate treatment for the particular inmate—a factfinder may infer deliberate indifference. *See Rosati*, 791 F.3d at 1039–40 ("Rosati plausibly alleges that prison officials were aware of her medical history and need for treatment, but denied the surgery because of a blanket policy …."); *Allard v. Gomez*, 9 F. App'x 793, 795 (9th Cir. 2001) (unpublished) ("[T]here are at least triable issues as to whether hormone therapy was denied ... on the basis of an individualized medical evaluation or as a result of a blanket rule, the application of which constituted deliberate indifference to [plaintiff's] medical needs.").

However, if providers make an individualized assessment and choose a treatment that, in their informed judgment, is medically appropriate, a plaintiff generally cannot establish deliberate indifference. *See Lamb*, 895 F.3d at 760 ("[The plaintiff] is obtaining psychological counseling and hormone treatments, including estrogen and testosterone-blocking medication. Though prison officials have not authorized surgery or the hormone dosages that [the plaintiff] wants, the existing treatment precludes a reasonable fact-finder from inferring deliberate indifference."); *Supre v. Ricketts*, 792 F.2d 958, 963 (10th Cir. 1986) ("While the medical community may disagree among themselves as to the best form of treatment for plaintiff's condition, the Department of Corrections made an informed judgment as to the appropriate form of treatment and did not deliberately ignore plaintiff's medical needs."). In such a case, a plaintiff must plausibly allege that the defendants intentionally interfered with appropriate medical diagnosis and treatment—for example, by "creat[ing] a pretextual report to support denial" of a requested treatment. *Norsworthy*, 87 F. Supp. 3d at 1117.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

    ii.  <u>The Complaint Fails to State a Plausible Eighth Amendment Claim</u>

The Complaint no details about any disease, syndrome, or medical or mental health condition with which Plaintiff has been diagnosed, any medical treatment Plaintiff has received in prison related to such a diagnosis, or any other facts related to Plaintiff's

medical care in prison. The Complaint alleges only that Plaintiff asked for gender-affirming surgery and that the request was denied because Idaho law prohibits the use of public funds for such treatment. Though Plaintiff's attempts to self-castrate are deeply concerning, the lack of specifics regarding Plaintiff's medical or mental health condition means the Complaint fails to plausibly suggest that such attempts occurred as a result of a serious medical need.

Furthermore, the Complaint does not plausibly allege that Defendant Wagner acted with deliberate indifference. Wagner denied Plaintiff's request for surgery not because Wagner deliberately disregarded a known risk to Plaintiff's health, but because Idaho state law prohibits inmates—whose medical treatment is paid for with public funds—from receiving the surgery Plaintiff requested. That statute is not within Defendant Wagner's control, and Wagner was not free simply to disregard it. *See Williams*, 689 F.2d at 1387–88; *Pinto*, 737 F.2d at 133. Any challenge to the law itself must be brought against appropriate officials.

### B.   *State Law Claims*

In addition to § 1983 claims, Plaintiff purports to assert state law claims. *Compl.* at 1. However, Plaintiff does not specifically identify any such claims. Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over state law claims in any event. If Plaintiff files an amended complaint, and if the amended complaint identifies and states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

4.     **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an Eighth Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: May 29, 2025

David C. Nye
Chief U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).